UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5382-MLP <br><br> ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income, Disability Insurance Benefits, and widow's benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating three medical opinions and in rejecting Plaintiff's testimony.[1] (Dkt. # 16.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] Plaintiff also contends the ALJ erred in assessing her residual functional capacity and determining she could perform past relevant work, but this argument is derivative of her other assignments of error and need not be addressed separately. (*See* dkt. # 16 at 15-16.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1963, has at least a high school education, and has worked as a switch board operator and cashier checker. AR at 8, 235. Plaintiff was last gainfully employed in 2017. *Id.* at 236.

In April 2017, Plaintiff applied for benefits, alleging disability as of February 2017. AR at 443. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 42-93, 261. The ALJ denied Plaintiff's request to postpone the hearing and then dismissed the request for hearing because Plaintiff did not appear for the January 2019 hearing. *Id.* at 97-98.

The Appeals Council denied review, and Plaintiff appealed the ALJ's decision to this Court. AR at 99-102, 151-54. Based on the parties' stipulation, in August 2021, this Court reversed the ALJ's decision and remanded for further administrative proceedings. *Id.* at 156. The Appeals Council directed the ALJ to provide Plaintiff a hearing, and to consolidate Plaintiff's subsequent claim filed in June 2020. *Id.* at 217-18.

On October 27, 2022, the ALJ conducted a hearing by telephone. AR at 1-41. On December 29, 2022, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 224-37. Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff had the severe impairment of bilateral knee degenerative joint disease and could perform light work further limited to occasional climbing, crawling, and exposure to vibration or extreme cold. *Id.* at 227, 231. The ALJ found Plaintiff could perform her past relevant work as a switch board operator, which is sedentary, and cashier checker, which is light work. *Id.* at 235. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 8.)

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

**A.    The ALJ Erred in Evaluating the Medical Opinion Evidence**

Plaintiff contends the ALJ erred by rejecting the opinions of Beverly S. Shapiro, M.D., Megan M. Colburn, ARNP, and Myrna Palasi, M.D. (Dkt. # 16 at 2-6.) The Commissioner contends the ALJ's assessment is supported by substantial evidence. (Dkt. # 21 at 2-9.)

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

> 1. *The ALJ Did Not Harmfully Err in Rejecting Dr. Shapiro's and Ms. Colburn's Opinions*

Plaintiff contends the ALJ erred in discounting Dr. Shapiro's opinion limiting her to sedentary work because "many clinical findings" support Dr. Shapiro's opinion. (Dkt. # 16 at 4.) The Commissioner contends the ALJ reasonably found Dr. Shapiro's opinion unsupported by her generally normal examination findings and inconsistent with the overall record. (Dkt. # 21 at 4.) The Commissioner further contends that, even if Dr. Shapiro's opinion of sedentary limitations was accepted, Plaintiff could still perform her sedentary past relevant work as a switch board operator. (*Id.* at 9.)

On reply, Plaintiff appears to concede that any error in rejecting Dr. Shapiro's opinion was harmless. Plaintiff argues that the ALJ harmfully "erred by failing to include [in the RFC] that [Plaintiff] is unable to be on her feet for even two hours in an eight-hour workday, she could not sit for six hours in an eight-hour workday, and she needs to be able to lie down at times to relieve pain." (Dkt. # 25 at 8-9.) No such limitations are found in Dr. Shapiro's opinion. Dr. Shapiro examined Plaintiff in June 2017 and October 2017, and both times opined Plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently, stand and walk for two hours per day, and sit for six hours. AR at 766, 771, 787, 792. Accordingly, the Court concludes the ALJ did not harmfully err in finding Dr. Shapiro's opinion unpersuasive.

ORDER - 4

1    On November 14, 2017, Ms. Colburn opined Plaintiff was limited to sedentary work. AR at 802; *see also* dkt. # 16 at 4. Even if the ALJ erred in rejecting this opinion, for the reasons discussed above regarding Dr. Shapiro's opinion, any such error was harmless.

2.    *The ALJ Harmfully Erred in Rejecting Dr. Palasi's Opinions*

Dr. Palasi reviewed portions of Plaintiff's medical records and opined that Plaintiff had a "less than sedentary RFC" and was "unable to sustain a 40-h[ou]r workweek."[3] AR at 796. The ALJ found Dr. Palasi's opinion unpersuasive because: (1) she "reviewed limited records and did not have the broader perspective available at the hearing level"; (2) she "mentioned degenerative changes on imaging reports and pain symptoms but otherwise little other support"; and (3) her opinion was given for purposes of State agency "services with different criteria and less focus on specific work capabilities." *Id.* at 234.

Plaintiff contends the ALJ erred by improperly acting as a medical expert in concluding that degenerative changes and pain symptoms that Dr. Palasi cited failed to support her opinion. (Dkt. # 16 at 5-6.) Plaintiff contends the ALJ's remaining reasons were not valid. (*Id.* at 6.) The Commissioner contends a longitudinal understanding of the record is a relevant consideration, and the ALJ's other reasons were valid. (Dkt. # 21 at 5.)

The ALJ's first reason was insufficient. A medical source's "familiarity with the other evidence in a claim" is a factor that an ALJ may consider, although it is less important than supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), (c)(5), 416.920c(b)(2), (c)(5). Here, however, the ALJ did not identify what evidence from the broader record undermined Dr.

---

[3] The Commissioner contends Dr. Palasi also, inconsistently, opined a sedentary RFC. (Dkt. # 21 at 9 (citing AR at 798).) The cited page, however, appears to be part of the opinion that Dr. Palasi was tasked with reviewing, not her own opinion. *Compare* AR at 798 (dated 12/15/2017) *with id.* at 796 (Dr. Palasi's opinion dated 12/19/2017).

ORDER - 5

1  Palasi's opinions. Accordingly, this reason for discounting Dr. Palasi's opinions was
2  unsupported by substantial evidence.
3       Regarding the ALJ's second reason, Dr. Palasi cited the following objective support for
4  her opinion: (1) a November 2017 treatment note reflecting "chronic neck and back pain,
5  bilateral shoulder pain, bilateral hip pain and knee pain"; (2) cervical spine x-rays showing
6  "mod[erate] to advanced multilevel DDD [degenerative disc disease]" consistent with Plaintiff's
7  symptoms and diagnosis; (3) thoracic spine x-rays showing "multilevel DDD"; and (4) a
8  December 2017 MRI of the right knee showing degenerative joint disease. AR at 796. The ALJ
9  did not explain why these objective findings were insufficient to support Dr. Palasi's opinions.
10 This reason, accordingly, was not supported by substantial evidence.
11      Finally, the ALJ discounted Dr. Palasi's opinion because it was issued for purposes of a
12 State program with different criteria. However, the ALJ failed to identify any meaningful
13 difference—or any difference at all—in the State agency criteria that would make Dr. Palasi's
14 opinion less persuasive. *See* AR at 234. This reason, too, fails.
15      The ALJ, in evaluating Dr. Palasi's opinion, found the "opinions of Drs. Koukol and Alto
16 are more persuasive . . . for the reasons stated above." AR at 234. Based on this statement, the
17 Commissioner contends the Court should review the portions of the ALJ's decision addressing
18 Drs. Koukol and Alto. The Commissioner contends the ALJ reasonably discounted Dr. Palasi's
19 opinions based on the "record evidence" discussed in that portion of the decision. (*See* dkt. # 21
20 at 5 (citing AR at 234 (referring to *id.* at 233)).)
21      In finding Drs. Koukol's and Alto's opinions that Plaintiff could perform light work
22 persuasive, the ALJ acknowledged "ongoing pain complaints, and varied gait and knee range of
23 motion," but cited "often normal strength and sensation, and generally conservative treatment

ORDER - 6

with prescribed medication and a cortisone injection" of the left knee. AR at 233; *see id.* at 1218. With regard to hip impairment, the ALJ acknowledged "at times limited hip range of motion . . . or reduced hip strength" but relied on normal strength or range of motion at other times and "negative hip x-rays" and no "trochanteric bursal tenderness" or deformities. *Id.* at 233. With regard to spine impairments, the ALJ noted "degenerative changes on imaging reports" as well as "varied straight leg raise testing and spine range of motion," but relied instead on "generally normal shoulder range of motion and . . . strength" and conservative treatment. *Id.* at 228. The ALJ did not explain why shoulder range of motion would be more probative than spine range of motion in assessing spinal impairments.

In evaluating medical opinions, an "ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Here, the ALJ summarized various normal and abnormal clinical findings and concluded that Drs. Koukol and Alto's opinions were more persuasive than Dr. Palasi's opinion. Simply listing various clinical notes does not explain why the ALJ found the normal results more significant or more relevant than the extensive abnormal results in the record. Dr. Palasi identified several objective test results in support of her opinion. The ALJ did not explain why certain normal results would undermine her opinion.

Because the ALJ did not provide any reason supported by substantial evidence for finding Dr. Palasi's opinion unpersuasive, the ALJ erred in discounting her opinion. The error was harmful because, if accepted, Dr. Palasi's opinion precludes full time work.[4] The vocational expert testified that an employee unable to perform full time work is excluded from competitive

---

[4] The Commissioner incorrectly states Dr. Palasi opined "an inability to work," which is an issue reserved for the Commissioner. (Dkt. # 21 at 8.) Dr. Palasi made a medical determination that Plaintiff could not sustain activities for 40 hours per week. AR at 796.

ORDER - 7

employment. AR at 38-39 (no jobs available if employee misses one day of work per month or takes extra breaks).

B. **The ALJ Erred in Assessing Plaintiff's Testimony**

Plaintiff contends the ALJ erred by discounting her testimony without a clear and convincing reason. (Dkt. # 16 at 10-15.) The Commissioner contends the ALJ reasonably found "many contradictions between Plaintiff's subjective complaints and other evidence[.]" (Dkt. # 21 at 10.)

Absent affirmative evidence showing a claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). The "clear and convincing" standard does not ask "whether [the Court] is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

1. *Mental Symptoms*

The ALJ discounted Plaintiff's testimony of difficulty with concentration, memory, completing tasks, and handling stress because she was "generally independent" in activities of daily living, took care of her husband who had a bad back, played with her grandchildren, prepared simple meals, did household chores with encouragement to get started, drove and used public transportation, went out alone, shopped in stores, handled her financial affairs, and played mobile games. *Id.* at 229.

With regard to mental symptom testimony, the ALJ's reason is not supported by substantial evidence. An ALJ may discount a claimant's testimony based on daily activities that contradict her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may

undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Nevertheless, "[o]nly if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ failed to explain how any of the cited activities contradict Plaintiff's testimony. The ALJ simply recited Plaintiff's activities and concluded that they undermined her testimony. AR at 229. This is insufficient under Ninth Circuit case law. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("[O]ur precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions" that claimant's testimony was inconsistent with evidence). This Court "may not 'take a general finding—an unspecified conflict between [c]laimant's testimony [and activities]—and comb the administrative record to find specific conflicts[.]" *Id.* (quoting *Burrell*, 775 F.3d at 1138). Accordingly, the ALJ erred in discounting Plaintiff's mental symptom testimony.

        2.       *Physical Symptoms*

The ALJ discounted Plaintiff's testimony that she cannot sit for very long and must lie down during the day because: (1) knee imaging was "unimpressive" or showed only mild degeneration; (2) physical examination reports sometimes documented knee abnormalities and other times showed normal results; and (3) she had "little specialized treatment" for her knees beyond medication. AR at 20, 32, 232.

The ALJ's reliance on imaging and examination results to discount Plaintiff's physical symptom testimony was erroneous. While "[c]ontradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony[,]" here the ALJ failed to identify any contradiction. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The

ORDER - 9

ALJ found knee impairments were severe and "could reasonably be expected to cause the alleged symptoms[.]" AR at 227, 232. Accordingly, the ALJ could not discount Plaintiff's symptom testimony on the grounds that the medical evidence did not confirm the *extent* of her symptoms. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (ALJ "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) ("[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony").

The ALJ also cited conservative treatment in rejecting Plaintiff's physical symptom testimony. An ALJ may properly discount claimant testimony when the record shows the claimant "responded favorably to conservative treatment[.]" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Here, the ALJ cites no evidence that Plaintiff's symptoms responded favorably to conservative treatment. The ALJ specifically noted that "muscle relaxants and Meloxicam did not help" and that a cortisone injection in Plaintiff's knee "only helped for a few days or a few hours." AR at 232.

The ALJ cites one treatment note stating Plaintiff's "knees feel better with rest, ibuprofen, and Tylenol." AR at 1216; *see id.* at 232. Feeling better, however, does not indicate Plaintiff's symptoms were alleviated sufficiently to restore her capacity to work. That a claimant "makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th

Cir. 2001); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("[D]oing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.") (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)).

The Commissioner cites *Parra v. Astrue* for the proposition that "[e]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment[.]" (Dkt. # 21 at 11 (quoting 481 F.3d 742, 751 (9th Cir. 2007) (internal quotation marks omitted)).) In *Parra*, the Ninth Circuit affirmed the ALJ's credibility determination primarily because objective medical evidence contradicted the claimant's testimony, but approved as a secondary reason that his "physical ailments were treated with an over-the-counter pain medication." 481 F.3d at 751. The implication is that his ailments were *successfully* treated. A claimant's credibility is not undermined by evidence that treatment failed to alleviate symptoms.

The Court concludes conservative treatment was not a clear and convincing reason to discount Plaintiff's testimony. Because the ALJ provided no reason supported by substantial evidence, he erred in discounting Plaintiff's testimony. The error was harmful because Plaintiff testified to greater restrictions than the ALJ incorporated into the RFC.

V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Palasi's opinions and Plaintiff's testimony, reassess the RFC as appropriate, and proceed to step four as necessary.

Dated this 23rd day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12

Dated this 23rd day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12